UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON C. JONES,

                              Plaintiff,

            -against-

MS. JISIN H. THOMAS; MR. JONATHAN
TAUAREZ; VOLUNTEERS OF AMERICA
CORPORATION; VOLUNTEERS OF
AMERICA, SWARTZ SHELTER;
VOLUNTEERS OF AMERICA 135 W. 50TH
STREET, NYC, NY 10024,

                              Defendants.

20-CV-5581 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

 Plaintiff, appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated his federal constitutional and statutory rights. Plaintiff filed the initial complaint on July 17, 2020, and on July 30, 2020, he filed an amended complaint. (ECF Nos. 2 and 6.) Plaintiff also filed a motion for permission for electronic case filing. (ECF No. 5.) By order dated August 5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within sixty days of the date of this order.

STANDARD OF REVIEW

 The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the Court's general complaint form. He checks the box on the form to invoke the Court's federal question jurisdiction, and in the section of the form asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "4th and 14th Constitutional Amendment[,] ADA Act of 1990 42USC Reasonable accommodation[,] Title VII Civil Rights Act 1964[,] Intimidation by defendants, 42 USC

3617[.]" (ECF No. 6, at 2.) He sues the Volunteers of America ("VOA") Corporation, VOA Schwartz Shelter,[1] a VOA facility located at 135 W. 50th Street in New York City, and VOA employees Jisin H. Thomas and Jonathan Tauarez.

The following allegations are taken from the amended complaint, much of which is confusing and lacking context. Defendant Jisin H. Thomas "failed to provide Reasonable Accommodation, with regards to the advise [sic] of Medical Personnel and took upon herself to disregard all Medical Documentation." (*Id.* at 5.) Thomas "engaged tactics in Retaliation and forms of Intimidation by engaging unlawful behavior" and "filing a formal complaint with Individual Mr. Darrel Spencer," after Thomas found out that Plaintiff sent "sincere complaints to VOA Corporate Offices and other NYS/NYC Departments regarding Safety and Hygiene issues of Swartz [sic] Shelter." (*Id.* at 5.) Spencer then contacted Plaintiff and demanded that he report to Spencer's "Supervisor @ 500 Pearl Street SDNY." (*Id.*)

Plaintiff further alleges that Defendant Jonathan Tauarez "engaged in tactics and has disregarded all required assistance with Reasonable Accommodation as provided by the ADA of 1990." (*Id.*) Tauarez wrote "a formal Infraction" against Plaintiff "and sent [it] to Individual Mr. Darrel Spencer" before "demand[ing]" that Plaintiff sign the document. (*Id.*) Plaintiff did not comply and Spencer "contacted [Plaintiff] about the Infraction and made statements about going before the Judge and questioned [Plaintiff] about the aforementioned and the issues continue today without any relief or stoppage, in violation of various NYS Law and Federal Code 42 USC 1637." (*Id.*)

---

[1] The Schwartz Assessment Shelter is a shelter for homeless men that is operated by VOA and located on Wards Island in New York City. *See* https://www.voa-gny.org/emergency-shelter.

Plaintiff asserts that as a result of Defendants' unlawful acts, he has experienced at the Schwarz Shelter "[i]nfections, pain, and suffering from the failure to provide clean facilities." (*Id.* at 6.) He further states that he faced retaliation, "which could have landed [him] back in prison," because of "Blowing the Whistle on unsafe conditions" at Schwartz. (*Id.*) Plaintiff also asserts that he has experienced "[e]motional [i]ntimidation" and "prevention of proper medical treatment by refusing medical supplies deliveries, on multiple occasions." (*Id.*)

He seeks money damages and injunctive relief.

Plaintiff attaches to the complaint pages of medical records, and a July 29, 2020 "Notice of Transfer" from VOA, informing Plaintiff that "DHS is issuing [him] an administrative transfer within 48 hours" and that he will be notified of his "new assigned Mental Health shelter once it becomes available." (*Id.* at 17.)

## DISCUSSION

### A.    Constitutional claims under 42 U.S.C. § 1983

The Court construes Plaintiff's allegations that Defendants retaliated against him for filing complaints as asserting claims under 42 U.S.C. § 1983 that Defendants violated his First Amendment rights. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant VOA is a private non-profit organization, and Defendants Thomas and Tauarez are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983.

**B.      Claims under the ADA**

Title III of the ADA governs places of public accommodations, and guarantees that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III, a plaintiff must allege, "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation;[2] and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008), *cert. denied*, 556 U.S. 1104 (2009). A plaintiff must also allege that the "exclusion or discrimination was due to [the plaintiff's] disability." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quoting *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)).

With respect to the third element, "a plaintiff can base a disability discrimination claim on any of 'three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation.'" *Brief v. Albert Einstein Coll. of Med.*, 423 Fed. Appx. 88, 90 (2d Cir. 2011) (quoting *Fulton*, 591 F.3d at 43). To bring a reasonable accommodation claim, a plaintiff must show "(1) []he suffers from a disability

---

[2] The definition of "public accommodation" includes a "homeless shelter . . . or other social service center establishment." 42 U.S.C. § 12181(7)(K).

(2) known to the defendant, for which (3) a reasonable accommodation is necessary for the plaintiff's enjoyment of the facility, and (4) the defendant refused the accommodation." *Lopez v. New York City Dep't of Homeless Servs.*, No. 17-CV-3014, 2019 WL 3531955, at *4 (S.D.N.Y. Aug. 2, 2019), *report and recommendation adopted*, No. 17-CV-3014, 2019 WL 4593611 (S.D.N.Y. Sept. 23, 2019).

Here, Plaintiff asserts that Defendants "failed to provide [a] Reasonable Accommodation" as required by the ADA, but he fails to allege any facts suggesting that he has a disability within the meaning of the ADA. Moreover, Plaintiff alleges no facts regarding the nature of the reasonable accommodation that he sought or that Defendants discriminated against him in denying such an accommodation. *See Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447, 451 (S.D.N.Y. 2019) (quoting *Shaywitz v. Am. Bd. Of Psychiatry & Neurology*, 848 F. Supp. 2d 460, 467 (S.D.N.Y. 2012)) ("Title III's requirement that private entities make 'reasonable accommodations' for disabled individuals would be rendered meaningless if the entity had no basis for knowing (1) what accommodations the [plaintiff] was seeking, and (2) whether those accommodations were reasonable in light of the disability and the test."). The Court therefore grants Plaintiff leave to amend his complaint to allege facts supporting his claim that Defendants violated Title III of the ADA.

## C.    Claims under the Fair Housing Act

Plaintiff also asserts that Defendants intimidated him in violation of 42 U.S.C. § 3617. That statute, a section of the Fair Housing Act, states, "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [the FHA]." Plaintiff must therefore allege facts suggesting that (1) he exercised or enjoyed a right under the FHA, and

(2) Defendants intimidated or threatened him because he exercised or enjoyed a right under the FHA.

Section 3604 of the FHA, as applicable here, makes it unlawful to "discriminate in the [] rental [of], or to otherwise make unavailable or deny, a dwelling to any . . . renter because of" the individual's disability. 42 U.S.C. § 3604(f)(1). It also prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a [disability]." 42 U.S.C. § 3604(f)(2). Under certain circumstances, a refusal to make a reasonable accommodation can constitute unlawful discrimination under the FHA. *See* 42 U.S.C. § 3604(f)(3)(B).

Here, Plaintiff fails to allege facts suggesting that he has a disability under the FHA. *See Rodriguez v. Village Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C. § 3602(h)) ("To demonstrate a disability under the FHA, a plaintiff must show: (1) 'a physical or mental impairment which substantially limits one or more ... major life activities'; (2) 'a record of having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'"). Even assuming that Plaintiff has a disability within the meaning of the FHA, he does not allege that he exercised his rights under the FHA and Defendants coerced, intimidated, or threatened him, or interfered with his exercise of those rights. *See* 42 U.S.C. § 3617. He rather makes the conclusory assertions that Thomas "engaged [in] tactic[s]" of retaliation and intimidation "by engaging [in] unlawful behavior." The only specific fact that Plaintiff alleges – that Thomas "fil[ed] a formal complaint" with Darrel Spencer after learning that Plaintiff filed complaints regarding safety and hygiene issues at Schwartz Shelter – does not suggest that Plaintiff was engaged in exercising his rights under the FHA or that Thomas's actions in filing an unspecified complaint against Plaintiff constituted intimidation or retaliation. If Plaintiff chooses

to file a second amended complaint, he should allege facts suggesting that he exercised or

enjoyed a right under the FHA, and that Defendants violated or interfered with that right or

otherwise intimidated, coerced, or threatened Plaintiff in connection with his exercise or

enjoyment of that right.

### D.    Claims under Title VII

Plaintiff also brings claims under Title VII of the Civil Rights Act of 1964. Title VII

provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse

to hire or to discharge any individual, or otherwise to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff does

not allege that he is or was an employee of any of the defendants. The Court therefore dismisses

his claims under Title VII for failure to state a claim on which relief may be granted. 28 U.S.C.

§ 1915(e)(2)(B)(ii).

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claims under the ADA and FHA, the Court grants Plaintiff sixty

days' leave to file a second amended complaint to detail his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)   give the names and titles of all relevant persons;

b)   describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)   give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)   give the location where each relevant event occurred;

e)   describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)   state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. **Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.**

If Plaintiff chooses to file a second amended complaint, the Court strongly encourages him to seek assistance from someone who can help him organize his thoughts and claims. If Plaintiff needs legal advice related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order.

**CONCLUSION**

The Clerk of Court is directed to transmit a copy of this order to Plaintiff.[3]

The Court grants Plaintiff's motion for permission for electronic case filing. (ECF No. 5.)

The Court dismisses Plaintiffs § 1983 claims against Thomas, Tauarez, VOA Corporation, VOA Schwartz Shelter, and VOA at 135 W. 50th Street.

The Court grants Plaintiff leave to file a second amended complaint that complies with the standards set forth above within sixty days of the date of this order. Plaintiff must caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-5581 (LLS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   August 27, 2020
         New York, New York

                                     _Louis L. Stanton_
                                     LOUIS L. STANTON
                                     U.S.D.J.

---

[3] Plaintiff has consented to receiving electronic service of Court document. (ECF No. 7.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*


                    -against-


_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

_____ Civ. _____ (____)


**SECOND
AMENDED
COMPLAINT__**


Jury Trial:   ☐ Yes      ☐ No
                    (check one)


I.      **Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.


Plaintiff       Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____


B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.


*Rev. 12/2009*                                    1

Defendant  No. 1          Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2          Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3          Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4          Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                    ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

_____

| What happened to you? |
_____

_____

_____

| Who did what? |
_____

_____

_____

| Was anyone else involved? |
_____

_____

| Who else saw what happened? |
_____

_____

_____

_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

                            _____

                            _____

Telephone Number            _____

Fax Number *(if you have one)*  _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:      _____

Inmate Number                _____

*Rev. 12/2009*                              4

# <u>Notice For Pro Se Litigants</u>

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



