```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/4/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brandon C. Jones,

                          Plaintiff,

        -against-

Jisin H. Thomas, et al.,

                        Defendants.

20-CV-5581 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

      Plaintiff, appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*; and the New York State and City Human Rights Laws, N.Y. Exec. Law §§ 290 to 297; N.Y.C. Admin. Code §§ 8-101 to 131. By order dated August 5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## DISCUSSION

**A.**  **Order of Service**

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and second amended complaint until the Court reviewed the second amended

complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the second amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Volunteers of America, Jisin H. Thomas, and Jonathan Tauarez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.     **Application for *Pro Bono* Counsel**

Plaintiff filed an application for the Court to request *pro bono* counsel. (ECF No. 10.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too

early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.[1]

The Clerk of Court is further instructed to issue summonses and to complete the USM-285 forms with the addresses for Volunteers of America, Jisin H. Thomas, and Jonathan Tauarez, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel (ECF No. 10) without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 4, 2020
         New York, New York

                                        _____
                                        ALISON J. NATHAN
                                        United States District Judge

---

[1] Plaintiff has consented to receive electronic service of Court documents. (ECF No. 7.)

**DEFENDANTS AND SERVICE ADDRESSES**

1. Volunteers of America
   135 W. 50th Street
   New York, NY 10024

2. Jisin H. Thomas
   Director, CSS Volunteers of America
   65 Charles Gay Loop
   New York, NY 10035

3. Jonathan Tauarez
   Deputy Director, CSS Volunteers of America
   65 Charles Gay Loop
   New York, NY 10035